# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
### ATLANTA DIVISION

| | | |
|---|---|---|
| **AARON FIEGL,** | : | |
| | : | |
| **Plaintiff,** | : | |
| | : | **CIVIL ACTION FILE NO.** |
| **v.** | : | **1:13-cv-4125-TWT-AJB** |
| | : | |
| **GRAPHIC PACKAGING** | : | |
| **INTERNATIONAL,** | : | |
| | : | |
| **Defendant.** | : | |

## UNITED STATES MAGISTRATE JUDGE'S ORDER
## AND NON-FINAL REPORT AND RECOMMENDATION

This matter is currently before the Court on a motion to dismiss by Defendant

Graphic Packaging International, Inc. [Doc. 2].[1]   For the reasons herein, the

undersigned **RECOMMENDS** that the District Court **DISMISS** Plaintiff's complaint

**WITHOUT PREJUDICE**, subject to Plaintiff's filing an amended complaint within

twenty-one days of the Order adopting this Report and Recommendation.

---

[1]     Defendant avers that it has been misidentified by Plaintiff as Graphic
Packaging International, rather than the correct Graphic Packaging International, Inc.
[Doc. 2-1 at 1 n.1].

## I.      Background[2]

On December 13, 2013, Defendant removed this case from the State Court of DeKalb County, Georgia. [Doc. 1].  Plaintiff, proceeding *pro se*, filed a single-page complaint in state court that states in its entirety:

> I Aaron Fiegl have determined the amount of money owed to me from Graphic Packaging International Stone Mountain Ga as follows:
> Pre litigation lawyer fee's total <u>$990.00</u>
> Blocked unemployment ben[e]fit[]s <u>$3300.00</u>
> Case filing cost <u>$252.50</u>
> My yearly earnings ($36,475.96@34years) from now until my eligible retirement age 65 years old.  The total amount owed is <u>$1,244,725.14</u>
> <u>All forms showing these amounts have been included.</u>

[Doc. 1-1 at 3 (alterations added)].  Attached to the complaint are documents including an Equal Employment Opportunity Commission ("EEOC") Charge of Discrimination, an EEOC Dismissal and Notice of Rights, a termination letter from Defendant, a State of Georgia Department of Labor ("DOL") Separation Notice, letters between Defendant

---

[2]      As it must when deciding a motion to dismiss, the Court accepts as true the well-pleaded facts set forth in the complaint, and construes those facts in the light most favorable to Plaintiff.  *See Bryant v. Avado Brands, Inc*., 187 F.3d 1271, 1273 n.1 (11th Cir. 1999) ("At the motion to dismiss stage, all well-pleaded facts are accepted as true, and the reasonable inferences therefrom are construed in the light most favorable to the plaintiff.").  The Court, however, is not required to accept Plaintiff's legal conclusions.  *See Sinaltrainal v. Coca-Cola Co.*, 578 F.3d 1252, 1260 (11th Cir. 2009) (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)).  Nor will the Court "accept as true a legal conclusion couched as a factual allegation."  *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

AO 72A
(Rev.8/8
2)

and Plaintiff's former legal counsel, a letter from Plaintiff that begins "Re; Ms. Willis" (sic) and refers to his termination and a withdrawn union grievance (among other matters), a letter from Plaintiff's former legal counsel concluding the representation, a W-2 form, a DOL Claims Examiner's Determination, and a retainer service payment plan and other documents related to Plaintiff's former legal counsel. [*Id.* at 4-32].[3]  On the accompanying state court summons form, Plaintiff marked "Personal Injury" as the type of suit.  [*Id.* at 2].  Defendant removed the case to this Court because the EEOC Charge and Dismissal and Notice of Rights indicate a federal question.

---

[3]      Generally, the Court must convert a motion to dismiss to a motion for summary judgment if it considers materials outside of a complaint.  *See* Fed. R. Civ. P. 12(d); *Day v. Taylor*, 400 F.3d 1272, 1275-76 (11th Cir. 2005).  However, the Court need not make this conversion when considering a document attached to the complaint if "the attached document is (1) central to the plaintiff's claim and (2) undisputed." *Day*, 400 F.3d at 1276; *Bryant v. Avado*, 187 F.3d 1271, 1281 n.16 (11th Cir. 1999) (providing that a defendant may attach to a Rule 12(b)(6) motion documents that are referenced in the plaintiff's complaint to show that they do not support the plaintiff's claim); *Arango v. U.S. Dep't of the Treasury*, 115 F.3d 922, 923 n.1 (11th Cir. 1997) ("Documents attached to and incorporated into the complaint were properly before the district court on a motion to dismiss."); *Clark v. Bibb Cnty. Bd. of Educ.*, 174 F. Supp. 2d 1369, 1370 (M.D. Ga. 2001) ("A court evaluating a motion to dismiss for failure to state a claim upon which relief can be granted . . . may . . . consider any attachments to the complaint, matters of public record, orders, and items appearing in the record.").  A document is "undisputed" when its authenticity is unchallenged. *Day*, 400 F.3d at 1276.  Therefore, the undersigned considers the documents in conjunction with the motion to dismiss and does not convert the motion to a motion for summary judgment.

3

On December 18, 2013, Defendant filed the pending motion to dismiss. [Doc. 2].

Plaintiff did not file a response. [*See* Dkt.].[4]

## II.    Motion to Dismiss Standard

A court will grant a Rule 12(b)(6) motion to dismiss if the complaint "fail[s] to

state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6).  Under Rule 8

of the Federal Rules of Civil Procedure, a pleading states a claim when it contains, *inter*

*alia*, "a short and plain statement of the claim showing that the pleader is entitled to

relief." Fed. R. Civ. P. 8(a)(2).  To determine whether a complaint fails to state a claim,

the Court must apply the standard announced by the Supreme Court in *Bell Atl. Corp. v.*

*Twombly*, 550 U.S. 544 (2007):

---

[4]       Under this Court's Local Rules, "[f]ailure to file a response shall indicate that there is no opposition to the motion."   N.D. Ga. R. 7.1.B; *Welch v. Delta Airlines, Inc.*, 978 F. Supp. 1133, 1148 (N.D. Ga. 1997).  The Court, however, may in its discretion waive a Local Rule.  *Edwards v. Shalala*, 846 F. Supp. 997, 998 n.2 (N.D. Ga. 1994).  Additionally, courts generally do not grant a motion to dismiss based on a *pro se* plaintiff's failure to respond to the motion.  *Daniel v. United States*, 891 F. Supp. 600, 602 n.1 (N.D. Ga. 1995) (Hull, J.) (stating that a motion to dismiss for failure to state a claim cannot be granted on the basis that the plaintiff fails to respond); *Johnson v. Am. Meter Co.*, 412 F. Supp. 2d 1260, 1262 n.3 (N.D. Ga. 2004) (Carnes, J.) (addressing merits of motion to dismiss despite plaintiff's failure to timely respond to motion to dismiss); *see also In re Worldwide Web Sys., Inc.*, 328 F.3d 1291, 1295 (11th Cir. 2003) (recognizing that in the Eleventh Circuit, "there is a strong policy of determining cases on their merits").   As a result, the undersigned addresses the merits of Defendant's motion despite Plaintiff's failure to respond.

AO 72A
(Rev.8/8
2)

[T]he pleading standard Rule 8 announces does not require detailed factual allegations, but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation. A pleading that offers labels and conclusions or a formulaic recitation of the elements of a cause of action will not do. Nor does a complaint suffice if it tenders naked assertions devoid of further factual enhancement.

To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard is not akin to a probability requirement, but it asks for more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief.

Two working principles underlie our decision in *Twombly*. First, the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice. . . . Second, only a complaint that states a plausible claim for relief survives a motion to dismiss. Determining whether a complaint states a plausible claim for relief will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense.

*Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009) (alterations, citations, and internal quotation marks omitted).

In applying this standard, the Court keeps in mind that a *pro se* complaint is construed more liberally than formal pleadings drafted by lawyers. *Ausar-El ex rel. Small, Jr. v. BAC (Bank of America) Home Loans*, 448 Fed. Appx. 1, 1 (11th Cir.

5

Sept. 21, 2011) (citing *Powell v. Lennon*, 914 F.2d 1459, 1463 (11th Cir. 1990)).

However, the Court may not "serve as *de facto* counsel for a party, or . . . rewrite an

otherwise deficient pleading in order to sustain an action."  *GJR Invs., Inc. v. Cnty. of

Escambia, Fla.*, 132 F.3d 1359, 1369 (11th Cir. 1998) (citations omitted), *overruled on

other grounds by Randall v. Scott*, 610 F.3d 701 (11th Cir. 2010).

## III.     Discussion

### A.     The Complaint Is Insufficient

Because Plaintiff's complaint is only a conclusory itemization of damages and

a stack of impliedly related paper, without any allegations of fact or even a cause of

action, it falls far short of the pleading requirements.  Rules 8 and 10 of the Federal

Rules of Civil Procedure are intended to work in tandem " 'to require the pleader to

present his claims discretely and succinctly, so that [(1)] his adversary can discern what

he is claiming and frame a responsive pleading, [and (2)] the court can determine which

facts support which claims, and whether the plaintiff has stated any claims upon which

relief can be granted.' "   *Fikes v. City of Daphne*, 79 F.3d 1079, 1082-83 (11th Cir.

1996) (quoting *T.D.S. v. Shelby Mut. Ins. Co.*, 760 F.2d 1520, 1543 n.14

(11th Cir. 1985) (Tjoflat, J., dissenting)).  Instead, Plaintiff has failed "to identify his

claims with sufficient clarity to enable the defendant to frame a responsible pleading."

 *Holtz v. Harpagon Co., LLC*, Civ. No. 1:09-cv-03085-JOF, 2010 WL 2595075, at *4

AO 72A
(Rev.8/8
2)

(N.D. Ga. June 25, 2010) (quoting *Sledge v. Goodyear Dunlop Tires N. Am., Ltd.*, 275 F.3d 1014, 1018 n.8 (11th Cir. 2001)).  Although a court liberally construes a *pro se* litigant's complaint, a *pro se* party "still must comply with the procedural rules governing the proper form of pleadings," including Fed. R. Civ. P. 8 and 10.  *Heard v. Nix*, 170 Fed. Appx. 618, 619 (11th Cir. Feb. 23, 2006).

Because of the shortcomings of Plaintiff's complaint, the undersigned **RECOMMENDS** that the complaint be **DISMISSED**.  However, the undersigned **FURTHER RECOMMENDS** that Plaintiff be allowed to file an amended complaint within twenty-one days of the District Judge's Order adopting this Report and Recommendation, for the reasons that follow.

### B.    Plaintiff Should Be Allowed to File an Amended Complaint

When it appears that a *pro se* plaintiff's complaint, if more carefully drafted, might state a claim, the district court should give the *pro se* plaintiff an opportunity to amend his complaint instead of dismissing it.  *Watkins v. Hudson*, --- Fed. Appx. ----, ----, 2014 WL 1140197, at *2 (11th Cir. Mar. 24, 2014) (citing *Bank v. Pitt*, 928 F.2d 1108, 1112 (11th Cir. 1991), *overruled in part by Wagner v. Daewoo Heavy Indus. Am. Corp.*, 314 F.3d 541, 542 (11th Cir. 2002) (en banc)).

AO 72A
(Rev.8/8
2)

Here, Plaintiff's complaint indicates some dispute with his former employer, and Plaintiff alleged to the EEOC that he was treated differently based on his race. [Doc. 1-1 at 4].[5] Because it is possible that a more carefully drafted complaint might state a claim, the undersigned **RECOMMENDS** that Plaintiff be allowed an opportunity to amend.

If the District Court agrees with this R&R and allows Plaintiff to file an amended complaint, the undersigned **FURTHER RECOMMENDS** that Plaintiff be ordered to comply with the following instructions:

(1) Provide a brief factual background section with facts relevant to all claims, presented in logical order in individually numbered paragraphs;

(2) Specify which cause(s) of action are being brought, allege each cause of action under a separate count, and underneath each count, in separately numbered paragraphs, provide the relevant facts, including dates, that he believes entitle him to relief;

_____

[5] If Plaintiff intended to bring a claim related to Title VII, the undersigned notes that the complaint appears to have been filed in state court within 90 days of the date on the Dismissal and Notice of Rights. Under the system of dual sovereignty, state courts have the authority to consider Title VII claims. *Yellow Freight Sys., Inc. v. Donnelly*, 494 U.S. 820, 823-26 (1990) ("Under our system of dual sovereignty, we have consistently held that state courts have inherent authority, and are thus presumptively competent, to adjudicate claims arising under the laws of the United States . . . [unless] Congress . . ., in an exercise of its powers under the Supremacy Clause, affirmatively divest state courts of their presumptively concurrent jurisdiction.") (citations and internal punctuation omitted). Thus, this is one reason why it is possible that a more carefully drafted complaint might state a claim.

8

(3)   Include the names and job titles or positions of persons who took actions on behalf of the Defendant that Plaintiff believes are unlawful and entitle him to relief;

(4)   Attach any other documents he believes are relevant to his claims, including any he attached to his original complaint; and

(5)   Request relief that he seeks as well as an explanation of why he is entitled to such relief.

The undersigned also **RECOMMENDS** that Plaintiff be advised that if he fails to completely and timely comply with the terms of the District Court's Order, then this action will be dismissed.

## IV.   Conclusion

For the reasons herein, the undersigned **RECOMMENDS** that the complaint be **DISMISSED WITHOUT PREJUDICE**, subject to Plaintiff's filing an amended complaint within twenty-one days of the District Judge's adoption of this Report and Recommendation.

**IT IS SO RECOMMENDED**, this the 30th day of June, 2014.

ALAN J. BAVERMAN
UNITED STATES MAGISTRATE JUDGE

AO 72A
(Rev.8/8
2)